Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Avenue
7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LARRY G. PHILPOT,                                                    Index No.: 2016-cv-2

                Plaintiff,                                     **COMPLAINT AND JURY DEMAND**
                                                                **FOR DAMAGES FOR COPYRIGHT**
           v.                                                             **INFRINGEMENT**

THECELBRITYCAFE.COM, DYSLEXIMEDIA
LLC s/i/i BIGFOOT VENTURES, LLC, BIGFOOT
VENTURES, LLC, DOMINICK MISERANDO,
and KAYLA CULVER,

                Defendants.
-----------------------------------------------------------------x

      Plaintiff LARRY G. PHILPOT, by and through his attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against Defendants THECELEBRITYCAFE.COM, DYSLEXIMEDIA LLC s/i/i BIGFOOT VENTURES, LLC, BIGFOOT VENTURES, LLC, DOMINICK MISERANDO, and KAYLA CULVER based on copyright infringement pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act" or "Act").

### NATURE OF THE ACTION

    1.    Defendants THECELEBRITYCAFE.COM, DYSLEXIMEDIA LLC s/i/i BIGFOOT VENTURES, LLC, BIGFOOT VENTURES, LLC, DOMINICK MISERANDO, and

KAYLA CULVER operate, or work for, a celebrity gossip website located at <www.thecelebritygossipcafe.com> (the "Subject Website"). In fact, Defendants claim the Subject Website is one of the 50 most visited celebrity websites on the internet.

2. Defendants, without license or permission of any kind, impermissibly copied Plaintiff's copyrighted photographs of Willie Nelson and Kid Rock (collectively the "Copyrighted Photographs") and displayed, broadcast, or otherwise disseminated the Copyrighted Photographs through the Subject Website, and through Defendants' social media pages such as Facebook, Twitter, and Pintrest.

3. Even after Defendants were served with a demand to remove the Copyrighted Photographs, they refused to remove the photograph of Kid Rock Photograph, and continue to display the Willie Nelson Photograph to this day.

4. A complaint was filed in the Southern District of Indiana titled *Philpot v. thecelebritycafe.com et al.*, 14-cv-1982 (S.D.Ind.) (the "Indiana Action") for the same subject matter as the within Complaint. Thecelebritycafe.com was dismissed in the Indiana Action without prejudice based on jurisdictional grounds and that matter was voluntarily dismissed by Plaintiff without prejudice.

5. Even after the Indiana Complaint was filed, and served, Thecelebritycafe.com continued to display and otherwise disseminates the copyrighted photograph of Willie Nelson on its Pintrest page, which was saved to that page by columnist Defendant Kayla Culver.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).

7. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

8. The subject photographs were registered with the United States Copyright Office prior to the infringement by Defendants.

9. Personal jurisdiction over Defendants is proper in this Court on the ground that Defendants maintain a headquarters or otherwise reside in New York, NY.

10. The Court has personal jurisdiction over Defendants pursuant to CPLR § 302 (New York's long-arm statute) due to their continuous and systematic business activities within New York as described below.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

12. Copies of each certificates issued by the U.S. Copyright Office are annexed incorporated hereto respectively as **Exhibits A.**

## PARTIES

13. Plaintiff Larry G, Philpot ("PHILPOT") is a professional photographer who has achieved significant acclaim as a photographer for concert events held throughout the United States. PHILPOT resides in Indianapolis, Indiana.

14. Upon information and belief, Defendant Thecelebritycafe.com ("CELEBRITYCAFE") is a sole proprietorship owned wholly by Defendant Dominick Miserandino. CELEBRITYCAFE has a headquarters located at 246 West Broadway, New York, NY 10013.

15. Upon information and belief, Defendant Dominick Miserandino ("MISERANDINO") is the sole owner of CELEBRITYCAFE and is a resident of Long Island. Defendant MISERANDINO through his operation and management of CELEBRITYCAFE, maintained control, oversight, and direction over the operation of the website and its social

media.  At all times material hereto, MISERANDINO participated in, assisted in, supervised, guided and totally controlled CELEBRITYCAFE in its decision making, financing and other affairs.  At all times relevant to this Complaint, CELEBRITYCAFE was the "alter ego" of MSERANDINO and dominated, controlled and supervised by MSERANDINO to such a degree that it had no independent ability to function.

16. BIGFOOT VENTURES, LLC ("BIGFOOT") is a New York limited liability company which was formed after the complaint in the Indiana Action was filed and purportedly became a post-infringement corporate shell for MISERANDINO.  BIGFOOT may be served through its registered agent Michael Gleissner, 246 West Broadway, New York, NY 10013

17. Upon information and belief, Defendant MISERANDINO is the sole owner of BIGFOOT.  At all times relevant to this Complaint, MISERANDINO through his operation and management of BIGFOOT, maintained control, oversight, and direction over the operation of its facilities.  MISERANDINO participated in, assisted in, supervised, guided and totally controlled BIGFOOT in its decision making, financing and other affairs.  At all times relevant to this Complaint, BIGFOOT was, and is, the "alter ego" of MSERANDINO and dominated, controlled and supervised by MSERANDINO to such a degree that it had no independent ability to function.

18. Upon information and belief, DYSLEXIMEDIA LLC ("D-MEDIA") is the successor in interest to BIGFOOT VENTURES, LLC and was formed after BIGFOOT was named in the Indiana Action.  D-MEDIA is a New York limited liability company which may be served through its registered agent DOMINICK MISERANDINO 414 Nassau Pkwy, Oceannside, NY 11572.

19. Upon information and belief, Defendant MISERANDINO is the sole owner of D-MEDIA.  Defendant MISERANDINO through his operation and management of D-MEDIA, maintained control, oversight, and direction over the operation of its facilities.  At all times material hereto, MISERANDINO participated in, assisted in, supervised, guided and totally controlled D-MEDIA in its decision making, financing and other affairs.  At all times relevant to this Complaint, D-MEDIA was, and is, the "alter ego" of MSERANDINO, and dominated, controlled and supervised by MSERANDINO to such a degree that it had no independent ability to function.

20. Upon information and belief, Defendant Kayla Culver ("CULVER") is a staff writer for CELEBRITYCAFE, and is a resident of New York City.

### FACTS COMMON TO ALL COUNTS

21. Plaintiff is a well-known photographer and earns a living licensing his photographs to businesses and musicians.  Some examples of Plaintiff's customers are Forbes, AOL, AXS-TV, Berkshire Hathaway, KISS, John Mellencamp, and Willie Nelson.

22. On August 25, 2013, Plaintiff took a photograph of entertainer Kid Rock at a performance in Indianapolis, In. (the "Kid Rock Photograph").  The Kid Rock Photograph is the subject of copyright registration VAu 1-182-727 issued on November 25, 2013.

23. The Kid Rock Photograph was first published on September 21, 2013 on Wikipedia.

24. On October 4, 2009 Plaintiff took what has become an iconic photograph of entertainer Willie Nelson at his performance in St. Louis, Mo. (the "Nelson Photograph").  The Kid Rock Photograph is the subject of copyright registration VAu 1-132-411 issued on September 5, 2012.

25. The Nelson Photograph was first published on May 31, 2011 on Wikipedia.

26. As a general proposition, a copyright confers on the owner the exclusive right to reproduce the copyrighted work.

27. Absent a license from the copyright owner, which the owner is free to grant or deny, reproduction of the work by another constitutes copyright infringement.

28. On or about April 3, 2012, Defendants caused the Copyrighted Photographs to be uploaded to the Subject Website, and further displayed and disseminated through various social media outlets.  At no time did any Defendant request, or receive a license for these uses.

29. Below left is a true and accurate screenshot of Defendant's use of the Nelson Photograph; Plaintiff's Copyrighted Nelson Photograph is below right.



30. Defendants also published the Nelson Photograph without an attribution.

31. On August 8, 2015, Defendants published the Kid Rock Photograph on the Subject Website, and various social media outlets, again without license or attribution.

32. Notice of infringement was served on Defendants demanding the Copyrighted Photographs be removed.

33. Defendants did remove the Nelson Photograph from the Subject Website only, but refused to remove the Kid Rock Photograph.

34. Below left is a true and accurate screenshot of Defendant's use of the Kid Rock Photograph; Plaintiff's copyrighted Kid Rock Photograph is below right.



35. Even after a complaint was filed in the Indiana Action, and served, Defendants continued to display the Nelson Photograph on its Pinterest Page, which was uploaded there by Defendant Kayla Culver. As of date of this complaint, the Nelson Photograph has not been removed.

36. Below is a true and accurate screenshot of the celebritycafe.com screen shot taken on January 2, 2016.



37. Defendants simply copied the photograph, removed the attribution, refused to get a license, and intentionally attempted to infringe without consequence.

38. This type of predatory business tactic must be stopped.

7

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

39. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

40. Defendants have, without license from Plaintiff, reproduced and/or publicly distributed the Copyrighted Photographs.

41. It cannot be disputed that Plaintiff has valid, registered copyrights, and that Defendant has reproduced and displayed the Copyrighted Photographs without a license, thus infringing Plaintiff's rights under the Copyright Act.  Irreparable injury is presumed here as Plaintiff has established a prima facie case of copyright infringement.

42. Even after Defendants were put on notice that it had no license or authority, Defendants elected to continue to reproduce and display and/or distribute Plaintiff's Copyrighted Photographs.

43. The making or the distribution, or both, of the photographs associated with the Copyright Registrations without attribution or license is actionable as acts of infringement under section 501 and fully subject to the remedies provided by sections 502 through 506 and 509.

44. Defendants continue to this very day to publically display the Copyrighted Photograph of Willie Nelson, and refused to remove the photograph of Kid Rock after notice.

45. Defendant CULVER posted the infringing photograph of Willie Nelson on Pinterest and has refused to this day to remove it.

46. Defendants' predatory conduct was clearly intentional within the meaning of 504(c)(2) for purposes of enhancing statutory damages.  Defendants knew their actions constituted an infringement or at the very least acted with reckless disregard to Plaintiff's rights.

47.     Defendants' knowledge and intent may be inferred from its conduct including the reckless disregard of Plaintiffs' right (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

48.     As a direct and proximate result of each of the Defendants' infringement, Plaintiff has incurred actual damages in the form of license fees while Defendants have used Plaintiff's Copyrighted Photographs for their own commercial gain in an amount that will be determined at trial.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for each infringement of each copyright registration identified in **Exhibit A**, as available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A.   statutory damages in the amount of $150,000 per infringement for each Copyright Registration identified in the annexed **Exhibit A**, but in no case less than $30,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

B.    for Plaintiffs' actual damage if Plaintiff so elects;

C.   attorneys' fees costs and disbursements in this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and,

D.   for such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: January 2, 2016                    **GARBARINI FITZGERALD P.C.**

                                                                By: /s/ Richard M. Garbarini
                                                                Richard M. Garbarini
                                                                Richard M. Garbarini (RG 5496)
                                                                250 Park Avenue
                                                                7th Floor
                                                                New York, New York 10177
                                                                Telephone: (212) 300-5358
                                                                Facsimile: (347) 218-9479